BENJAMIN B. WAGNER
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
victoria.boesch@usdoj.gov

Attorneys for Applicant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM HARJU COUNTY COURT, ESTONIA, | CASE NO.  2-14-54309<br><br>**APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |

      The United States petitions the Court pursuant to 28 U.S.C. § 1782 for an order appointing Assistant United States Attorney Victoria L. Boesch as a commissioner and compelling Thomas Emanuel Pacheco to provide testimony for use in a dissolution of marriage proceeding in the Harju County Court, Estonia.

**I.     INTRODUCTION**

      By multilateral treaty, the United States has committed to assist judicial authorities in fellow signatory states in need of evidence located in the United States.  This application follows a letter of request issued to the U.S. Department of Justice's Office of International Judicial Assistance (OIJA) by the Estonian Ministry of Justice for the District Court in Harju County, Estonia, pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").  Boesch Decl. Ex. A.  The evidence requested is testimony from Thomas Emanuel

Pacheco in the Eastern District of California.  The information is subject to no legal privilege and would be routinely discoverable in domestic U.S. litigation.  But Thomas Emanuel Pacheco has failed to respond voluntarily.   The United States therefore respectfully asks this Court to issue an order pursuant to 28 U.S.C. § 1782 appointing AUSA Victoria L. Boesch as commissioner and compelling Thomas Emanuel Pacheco to appear at deposition to respond to the Estonian court's discovery requests.

**II    FACTS**

To assist in adjudicating the legal claim of Kelli Koha against Thomas Emanuel Pacheco for dissolution of marriage, the Harju County Court, Estonia, has requested the following information from Thomas Emanuel Pacheco in reference to litigation documents previously served on Mr. Pacheco:

1) whether the Defendant has objections with respect to the fact that the Court initiated the proceedings or there are grounds to dismiss the claim without prejudice or terminate the proceedings if the Defendant has not already expressed his view as related to that;

2) whether the Defendant acknowledges the claim having admitted the demands submitted against the Defendant in the legal claim;

3) all his petitions and assertions, as well as confirmations for proof of every submitted actual assertion and what the Defendant wants to confirm by every indicated evidence;

4) whether the Defendant wishes to counterclaim;

5) express his opinion concerning distribution of procedural expenses (sections 138, 144 of the code of Civil Procedure) and amount of the procedural expenses.

Boesch Decl. Ex. A.

On May 10, 2015, the Harju County Court, Estonia sent its request to the OIJA, which serves as the central authority for the United States under the Hague Convention.  Boesch Decl. Ex. A.  After confirming the Estonian court's request was properly executable, the OIJA delegated the request to the United States Attorney's Office for the Eastern District of California, where Thomas Emanuel Pacheco resides.  Boesch Decl. Ex. C.

On February 11, 2016, AUSA Boesch called Mr. Pacheco to discuss the Estonian court's request with him and request his voluntary compliance.  Boesch Decl. ¶ 2.  She told Mr. Pacheco that she understood from the Estonian court's request that he had already been served with papers in the Estonian

court case.  Boesch Decl. ¶ 2; *see also id.* Ex. A at 5 (request letter stating that papers were served on Mr. Pacheco in February 2015).  Mr. Pacheco said that he was considering retaining an attorney, asked that AUSA Boesch send him the Estonian court's request, and indicated that he was otherwise unwilling to speak to AUSA Boesch, hanging up the phone while she was still speaking.  Boesch Decl. ¶ 2.  On that same day, the AUSA Boesch sent the initial request letter via certified mail to Thomas Emanuel Pacheco at 1151 Oatgrass Way, Los Banos, CA 93635, again requesting voluntary compliance.  Boesch Decl. Ex. D.  About two weeks later, on February 24, 2016, AUSA Boesch telephoned Mr. Pacheco to follow up on the letter, leaving a message asking him to return her call or, if he had retained an attorney, to have the attorney do so.  Boesch Decl. ¶ 3.  Because AUSA Boesch received no response from Mr. Pacheco in the ensuing two weeks, on March 11, 2016, she sent him a second letter via certified mail requesting voluntary compliance.  Boesch Decl. Ex. E.  Three days later, AUSA Boesch's original certified letter (dated February 11, 2016) was returned by the Post Office, indicating that it had not been claimed and that the Post Office was unable to forward it.  Boesch Decl. Ex. F.  AUSA Boesch then confirmed through Westlaw research that the address for Mr. Pacheco provided by the Estonian court remained associated with Mr. Pacheco.  Boesch Decl. ¶ 4.  Because of the difficulty delivering the first certified-mail letter, AUSA Boesch also sent two copies of a March 17, 2016 letter to Mr. Pacheco via regular U.S. Mail to 1151 Oatgrass Way, Los Banos, CA 93635 and to 1151-A Oatgrass Way, Los Banos, CA 93635 (a variant of the address provided by the Estonian court that also appeared in the Westlaw research).  Boesch Decl. Ex. G, Ex. H.  AUSA Boesch then sent a request to the Los Banos Postmaster for any forwarding address that the Postal Service had on file for him, and the Postal Service responded that it had no change of address on file for Mr. Pacheco.  Boesch Decl. Ex. I.

## II.  LEGAL DISCUSSION

### A.  THE HAGUE CONVENTION REQUIRES THE UNITED STATES TO ASSIST FOREIGN JUDICIAL AUTHORITIES OF CONTRACTING STATES IN OBTAINING EVIDENCE FOR USE IN JUDICIAL PROCEEDINGS

The Hague Convention permits a judicial authority of a contracting state to request evidence for use in a judicial proceeding from the competent authority of another contracting state.  *See* Boesch Decl. Ex. B, Hague Convention, art. 1.  In executing a request, the Convention requires the receiving state to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided

by its internal law for the execution of orders issued by the authorities of its own county or of requests made by parties in internal proceedings." *See* Boesch Decl. Ex. B, Hague Convention, art. 10.

The United States and Estonia are both contracting states to the Hague Convention, and both countries are bound by the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. *See* Hague Conference on Private International Law, *member details for the United States and Estonia*, available at https://www.hcch.net/en/states/hcch-members/details1/?sid=76; https://www.hcch.net/en/states/hcch-members/details1/?sid=34; https://www.hcch.net/en/instruments/conventions/status-table/acceptances/?mid=499 (last visited April 5, 2016); *see also* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493 (U.S. Treaty).

The Estonian court's request complies with the Convention's requirements.  A Hague Convention request must include four things:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;
3. The nature of the proceedings for which the evidence is required; and
4. The evidence to be obtained.

*See* Boesch Decl., Ex. B, Hague Convention, art. 3.  Here, the request indicates that the Harju County Court, Estonia is adjudicating a legal claim for dissolution of marriage by Kelli Koha against Thomas Emanuel Pacheco.  *See* Boesch  Decl. Ex. A at 1.  The request includes addresses and specifies the information to be obtained.  *See* id. at 1, 2, 6.

The United States can refuse a proper Hague Convention request only if the request "does not fall within the functions of the judiciary" or the United States "considers that its sovereignty or security would be prejudiced" by executing the request.   *See* Boesch Decl. Ex. B, Hague Convention, art. 12. Neither exception applies here.  The request seeks information that is discoverable in domestic litigation.

### B. 28 U.S.C. § 1782 PERMITS THIS COURT TO ORDER THOMAS EMANUEL PACHECO TO RESPOND TO THE HARJU COUNTY COURT, ESTONIA'S DISCOVERY REQUESTS

Independent of the Hague Convention, Congress has authorized federal district courts to issue discovery orders in aid of foreign proceedings.  *See* 28 U.S.C. § 1782.  A request pursuant to section

1782 is proper if:

1. The request or letter rogatory is made by a foreign or international tribunal or other interested person;
2. The request is made to the district court of the district in which the target person resides, and
3. The request seeks the target person's testimony or statement, or the production of documents of other things, for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782 (a).

The Estonian court's request is proper under 28 U.S.C. § 1782.  It is directed to Thomas Emanuel Pacheco, who resides in Los Banos, which is in the Eastern District of California, and seeks testimony for a marriage dissolution proceeding in Harju County Court in Estonia.

**III.   CONCLUSION**

This Court is authorized by treaty and by statute to issue an order directing Thomas Emanuel Pacheco to provide testimony for use in proceedings in the Estonian court.  Because the Estonian court's request satisfies the elements of both the Hague Convention and 28 U.S.C. § 1782, the United States respectfully asks the Court to issue an order appointing AUSA Boesch a commissioner and authorizing her to issue subpoenas reasonably necessary to compel Thomas Emanuel Pacheco to provide testimony and information for use in a proceeding in Harju County Court, Estonia.

                                                      Respectfully submitted,

                                                      BENJAMIN B. WAGNER
                                                    United States Attorney

Dated:  April 6, 2016                  By:    */s/ Victoria L. Boesch*
                                                    VICTORIA L. BOESCH
                                                    Assistant United States Attorney